UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>NEWSOME, et al.,<br><br>  Defendants. | No. 2:19-cv-2229-KJM-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. A scheduling order issued on May 13, 2020 provided that the parties must serve their discovery requests on each other no later than August 14, 2020. ECF No. 20. That schedule was modified on July 28, 2020 extending that deadline to November 12, 2020. ECF No. 23. As discussed below, plaintiff is apparently confused as to that deadline and has submitted further requests for extensions that are now moot.

Plaintiff has filed a motion requesting that the court order prison officials to designate him a "preferred library user" so that he can physically access the law library. ECF No. 22. Currently, such physical access for non-preferred users has been eliminated and replaced by a paging system as part of the institution's response to the novel coronavirus pandemic. Plaintiff argues that this system is inadequate because he can only request three documents per week, and it takes library staff up to a week to respond to each request. Plaintiff has also filed two motions for an extension of the deadline to request discovery. ECF Nos. 24, 25.

Plaintiff's motions for extension of time is denied as moot.  Plaintiff requests that the discovery deadline be extended to September 14, 2020, but the court has already extended the deadline to November 12, 2020.

Plaintiff's motion for an order directing prison officials to give him physical access to the law library is also denied without prejudice to its renewal at a later date should the paging system prove insufficient to provide plaintiff the materials he needs to comply with the new discovery deadline.  The All Writs Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. 1651(a).  It is meant to aid the court in the exercise and preservation of its jurisdiction.  *Plum Creek Lumber Company v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice."  *United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977).  To obtain an order under the All Writs Act, the requested order must be "necessary."  This language requires that the relief requested is not available through some alternative means.  *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999).

Plaintiff seeks preferred library user status due to the small amount of materials he may request each week from the paging system and the lag time between the request and its fulfillment.  The court is sympathetic to plaintiff's preference for physical access to the library, but reluctant to interfere with the institution's attempt to mitigate the spread of the novel coronavirus absent a showing that plaintiff cannot meet the now-extended discovery deadline under the current system.  If plaintiff finds that he cannot comply with the new deadline, he may again file a motion seeking a court order to obtain greater library access.  In any such motion, plaintiff should include the efforts he has made to complete his law work under the paging system and the efforts he has made to obtain physical access to the library through the institution.

/////

/////

Accordingly, plaintiff's motions for an order granting preferred library user status (ECF No. 22) and for extension of time (ECF Nos. 24 and 25) are DENIED.

DATED: August 27, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3