1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  BENNY WILLIAMS,                              Case No. 2:19-cv-02229-KJM-JDP (PC)

12              Plaintiff,                       ORDER GRANTING PLAINTIFF'S
                                                 MOTIONS FOR EXTENSIONS OF TIME
13       v.                                      AND DENYING HIS MOTIONS FOR
                                                 PREFERRED LIBRARY USER STATUS, TO
14  NEWSOME, *et al.*,                           POSTPONE HIS DEPOSITION, TO COMPEL
                                                 DISCOVERY, TO MODIFY THE
15              Defendants.                      SCHEDULING ORDER, AND FOR
                                                 APPOINTMENT OF COUNSEL.
16
                                                 ECF Nos. 29, 30, 33, 34, 38, 47, 49, 52
17

18

19          Plaintiff, a state prisoner proceeding without counsel, has filed numerous motions, several

20  of which are addressed herein.

21          First, plaintiff has filed his second motion asking the court to order prison officials to

22  designate him a "preferred library user" so that he can physically access his prison's law library.

23  ECF No. 29.  He contends that the prison's paging system, which was implemented in response to

24  the current pandemic—and which limits the amount of legal material he can access at one time—

25  is inadequate to litigate this case.  As plaintiff was previously notified, the court is reluctant to

26  interfere with his institution's efforts to mitigate the spread of the coronavirus.  This is especially

27  true given that plaintiff has generally demonstrated an ability to comply with the court's deadlines

28

and those imposed by the Federal Rules of Civil Procedure.[1]  Plaintiff's motion, ECF No. 29, is

therefore denied.

Plaintiff has also filed three motions for extensions of time.  The first motion—which

seeks an extension of time to file a motion for summary judgment—is denied as unnecessary.

Shortly after requesting that extension, plaintiff timely filed a motion for summary judgment.

ECF No. 39.  Accordingly, there is no need for the requested extension.  The remaining motions

seek extensions to respond to two motions—defendants' motion for leave to amend their answer

and defendants' motion for summary judgment.  ECF No. 47 & 52.  The requested extension to

respond to defendants' motion for leave to amend is granted, and plaintiff's March 22, 2021

opposition to that motion is deemed timely.  The motion for a sixty-day extension of time to

respond defendants' motion for summary judgment is granted in part.  Plaintiff is granted forty-

five days from the date of this order to file an opposition to defendants' motion for summary

judgment.

Plaintiff has also filed three discovery-related motions—(1) a motion to postpone his

deposition, (2) a motion to compel defendants to provide further responses to discovery requests,

and (3) a motion to modify the scheduling order to extend the deadline for completion of

discovery.  ECF Nos. 30, 33, 34.  As for the first motion, the docket reflects that plaintiff's

deposition has already been completed.  *See* ECF No. 52-2 at 11-51.  The motion is therefore

denied as moot.

The second motion seeks to compel defendants to provide responses to plaintiff's second

sets of requests for admissions and production of documents.  ECF No. 33.  Plaintiff contends

that defendants failed to provide any response to these discovery requests.  ECF No. 33 at 3; ECF

No. 33-1 at 2.  In their opposition, defendants argue that they timely served responses to both

discovery requests.  ECF No. 37 at 2.  Plaintiff did not file a reply to defendants' opposition and,

consequently, fails to refute defendants' assertions.  Regardless, the record reflects that

---

[1]  Plaintiff has occasionally necessitated brief extensions of time to comply with certain
deadlines.  But he has not shown an inability to adequate respond to defendants' motions or
prepare his own pleadings.

1  defendants served their responses to plaintiff's second sets of requests for admissions and for

2  production of documents on October 23, 2020.  ECF No. 31 at 21-41.  Plaintiff's motion to

3  compel is denied.

4         Plaintiff's last discovery-related motion asks that the deadline for completion of discovery

5  be extended to allow him to serve interrogatories.  ECF No. 34.  Defendants have filed an

6  opposition arguing that the scheduling order should not be modified because plaintiff provides no

7  explanation for why he could not have served interrogatories well before the deadline for

8  completion of discovery.  ECF No. 36.

9         A court may modify its scheduling order only upon a showing of good cause.  Fed. R.

10  Civ. P. 16(b)(4).  In determining whether good cause exists, courts primarily consider the moving

11  party's diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

12  Thus, the "court may modify the pretrial schedule if it cannot reasonably be met despite the

13  diligence of the party seeking the extension."  *Id*.

14         The May 15, 2020 discovery and scheduling order originally required all discovery to be

15  completed by October 16, 2020.  ECF No. 20.  That deadline was subsequently extended to

16  November 12, 2020.  ECF No. 12, 2020.  Thus, plaintiff had nearly six months to serve

17  interrogatories.  He provides no explanation for why he was unable to serve interrogatories during

18  that period.  Instead, he merely highlights the discovery requests that he did serve.  ECF No. 34 at

19  2.  But he does not suggest that he was unable to prepare interrogatories until he received

20  responses to his other discovery requests.  Neither is there anything in the record to support that

21  conclusion.  Plaintiff also has not shown that there is any need to allow for additional discovery.

22  His motion includes neither a copy of the interrogatories that he seeks to serve nor the specifics of

23  the information that he hopes to obtain.  The failure to explain the need for additional discovery is

24  particularly troubling given that plaintiff has already filed a motion for summary judgment.[2]  *See*

25  ECF No. 39.  Because plaintiff has not demonstrated a need for discovery or that he acted

26  diligently, his motion to modify the scheduling order, ECF No. 34, is denied.

27

28  [2]  Plaintiff's motion for summary judgment does not indicate that there is any need for
additional discovery.

3

1    Lastly, plaintiff has filed a second motion for appointment of counsel.  ECF No. 49.  As

2    previously explained to plaintiff, he does not have a constitutional right to appointed counsel in

3    this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the

4    authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the*

5    *Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary

6    assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to

7    represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a

8    means to compensate counsel, the court will seek volunteer counsel only in exceptional

9    circumstances.  In determining whether such circumstances exist, "the district court must evaluate

10   both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his

11   claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525

12   (internal quotation marks and citations omitted).

13       Plaintiff has demonstrated an adequate ability to represent his interest in this action.

14   Further, he has not shown that he is likely to succeed on the merits.  For these reasons, his motion

15   for appointment of counsel, ECF No. 49, is denied.

16       Accordingly, it is hereby ORDERED that:

17       1.  Plaintiff's motion for an order directing prison officials to designate him a "preferred

18   library user", ECF No. 29, is denied.

19       2.  Plaintiff's motion to postpone his deposition, ECF No. 30, is denied.

20       3.  Plaintiff's motion to compel defendants to provide responses to requests for admissions

21   and requests for production of documents, ECF No. 33, is denied.

22       4.  Plaintiff's motion to modify the May 13, 2020 discovery and scheduling order, ECF

23   No. 34, is denied.

24       5.  Plaintiff's motion for an extension of time to file a motion for summary judgment, ECF

25   No. 38, is denied as unnecessary.

26       6.  Plaintiff's motion for an extension of time to file an opposition to defendants' motion

27   for leave to amend their answer, ECF No. 47, is granted.  Plaintiff's opposition filed on March 22,

28   2021, ECF No. 48, is deemed timely.

1    7. Plaintiff's motion for an extension of time to file an opposition to defendants' motion

2    for summary judgment, ECF No. 52, is granted in part.  Plaintiff shall file an opposition or

3    statement of non-opposition to defendants' motion within forty-five days of this order.

4
5    IT IS SO ORDERED.

6
     Dated:    May 14, 2021        _____

7                                  JEREMY D. PETERSON
                                   UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28