UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| BENNY WILLIAMS, | Case No. 2:19-cv-02229-KJM-JDP (PC) |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER |
| v. | |
| GAVIN NEWSOM, *et al.*, | ECF No. 40 |
| Defendants. | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED |
| | ECF No. 39 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff is a state prisoner who alleges that defendants Newsom, Shaffer, and Bakerjian violated his Fourteenth Amendment rights when they disregarded state provisions governing his eligibility for elderly parole. ECF No. 1 at 4-5. He has filed a motion for summary judgment on those claims that should be denied.[1] Additionally, defendants have filed a motion to amend their answer that will be granted.

**Defendants' Motion to Amend Answer**

Defendants have asked to amend their answer to add the affirmative defenses of *res judicata* and collateral estoppel. ECF No. 40 at 3. They state that the issues raised in this case were litigated and rejected when plaintiff raised them in a state habeas petition. *Id.* Since more than twenty-one days have passed since the filing of the original answer, defendants can only amend with plaintiff's consent or leave of the court. Fed. R. Civ. P. 15(a). Here, plaintiff has opposed defendants' amendment. ECF No. 48. Thus, defendants can only amend by my leave,

---

[1] Defendants have also filed a motion for summary judgment. ECF No. 51. At the time of writing that motion is not yet ripe for disposition, however. It will be adjudicated by separate findings and recommendations.

1

1   which I should give freely "when justice so requires." *Id.*

2   I will grant defendants' motion. Motions to amend should be denied only where the
3   amendment would "cause prejudice to the opposing party, is sought in bad faith, is futile, or
4   creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).
5   In his opposition, plaintiff claims that defendants have brought the motion to amend in bad faith
6   and with dilatory motive, but he offers no evidence to substantiate his position. Neither has
7   plaintiff shown that he would be prejudiced if defendants were allowed to add these affirmative
8   defenses to their answer. Finally, plaintiff's substantive argument against *res judicata* fails to
9   establish futility. Denying leave to amend as futile is appropriate only where "no set of facts can
10  be proved under the amendment to the pleadings that would constitute a valid and sufficient claim
11  or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). And, generally,
12  courts should defer challenges to the merits of amendments until after the amendments are
13  accepted and filed. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

14  **Plaintiff's Motion for Summary Judgment**

15  **I.      Legal Standards**

16  Summary judgment is appropriate where there is "no genuine dispute as to any material
17  fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington*
18  *Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine
19  only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,
20  while a fact is material if it "might affect the outcome of the suit under the governing law."
21  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818
22  F.2d 1422, 1436 (9th Cir. 1987).

23  Rule 56 allows a court to grant summary adjudication, also known as partial summary
24  judgment, when there is no genuine issue of material fact as to a claim or portion of that claim.
25  *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule
26  56 authorizes a summary adjudication that will often fall short of a final determination, even of a
27  single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a
28  motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R.

2

Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citing to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.

3

2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *accord Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**II.     Analysis**

Plaintiff's motion for summary judgment should be denied because whether the defendants personally violated plaintiff's due process rights is disputed. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."). It is also disputed whether any supervisory defendant, like Governor Newsom, directed or knew of the alleged violations and failed to prevent them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Defendants each contend that all matters relevant to plaintiff's parole and good-time credits were determined by California Department of Corrections and Rehabilitation Record Services, not by them. ECF No. 41-1 at 11 ¶ 12; *see also* ECF Nos. 43-1 at 45 (Declaration of George Bakerjian), 51 (Declaration of Jennifer Shaffer). They have also, both in their discovery responses and opposition, denied that they created or violated any California law relevant to plaintiff's parole. *See* ECF No. 39 at 38-39; ECF No. 41 at 13. Plaintiff argues otherwise in his motion for summary judgment, but he has not offered any evidence that overwhelms defendants' denials. These contradictory attestations amount to a matter of disputed material fact that precludes summary judgment.

Accordingly, it is ORDERED that:

1. Defendants' motion for leave to amend answer, ECF No. 40, is granted.

2. The Clerk of Court shall file defendants' amended answer, found at ECF No. 40 at 8-14, on the docket. It should be title "Amended Answer to Prisoner Civil Rights Complaint" and

will be the operative answer going forward.

Further, it is RECOMMENDED that plaintiff's motion for summary judgment, ECF No. 39, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 20, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE