UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>   Defendants. | Case No.  2:19-cv-02229-KJM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED AND PLAINTIFF'S CLAIMS BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 51 |

Benny Williams ("plaintiff") alleges that Gavin Newsom, Jennifer Shaffer, and G. Bakerjian ("defendants") violated his due process and equal protection rights by failing to follow proper procedures concerning elderly parole. Defendants have filed a motion for summary judgment that argues, among other things, that plaintiff failed to exhaust his claims against them before filing this action. ECF No. 51. I have reviewed the pleadings and agree.

**Motion for Summary Judgment**

**A.   Legal Standards**

**1.   Summary Judgment Standard**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law."

1

1  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818
2  F.2d 1422, 1436 (9th Cir. 1987).

3  Rule 56 allows a court to grant summary adjudication, also known as partial summary
4  judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.
5  *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule
6  56 authorizes a summary adjudication that will often fall short of a final determination, even of a
7  single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a
8  motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R.
9  Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

10  Each party's position must be supported by (1) citations to particular portions of materials
11  in the record, including but not limited to depositions, documents, declarations, or discovery; or
12  (2) argument showing that the materials cited do not establish the presence or absence of a
13  genuine factual dispute or that the opposing party cannot produce admissible evidence to support
14  its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider
15  other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R.
16  Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist*., 237 F.3d 1026, 1031 (9th Cir.
17  2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

18  "The moving party initially bears the burden of proving the absence of a genuine issue of
19  material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the
20  moving party must either produce evidence negating an essential element of the nonmoving
21  party's claim or defense or show that the nonmoving party does not have enough evidence of an
22  essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins.*
23  *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this
24  initial burden, the burden then shifts to the non-moving party "to designate specific facts
25  demonstrating the existence of genuine issues for trial."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d
26  376, 387 (citing *Celotex Corp.,* 477 U.S. at 323).  The non-moving party must "show more than
27  the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477
28  U.S. 242, 252 (1986)).  However, the non-moving party is not required to establish a material

2

1  issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to
2  require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*
3  *Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

4        The court must apply standards consistent with Rule 56 to determine whether the moving
5  party has demonstrated there to be no genuine issue of material fact and that judgment is
6  appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).
7  "[A] court ruling on a motion for summary judgment may not engage in credibility
8  determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.
9  2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the
10  nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.
11  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,
12  198 F.3d 1130, 1134 (9th Cir. 2000).

13        **2.**      **Exhaustion Requirements**

14        Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought
15  with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a
16  prisoner confined in any jail, prison, or other correctional facility until such administrative
17  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This statutory exhaustion
18  requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532
19  (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v.*
20  *Churner*, 532 U.S. 731, 741 (2001).  Unexhausted claims must be dismissed.  *See Jones v. Bock*,
21  549 U.S. 199, 211 (2007).

22        A prison's own grievance process, not the PLRA, determines how detailed a grievance
23  must be to satisfy the PLRA exhaustion requirement. *Id.* at 218.  When a prison's grievance
24  procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison
25  to the nature of the wrong for which redress is sought."  *Griffin v. Arpaio*, 557 F.3d 1117, 1120
26  (9th Cir. 2009) (internal quotation marks omitted).  "The grievance 'need not include legal
27  terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison
28  to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*,

1    810 F.3d 654, 659 (9th Cir. 2016) (quoting *Griffin*, 557 F.3d at 1120).

2        The PLRA recognizes no exception to the exhaustion requirement, and the court may not
3    recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862
4    (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the
5    prisoner." *Id.* at 1856. The Supreme Court has explained when an administrative procedure is
6    unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation . . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

14   *Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir.
15   2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is
16   deemed to have exhausted available administrative remedies.").

17       If the court concludes that plaintiff has failed to exhaust available remedies, the proper
18   remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See*
19   *Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

20       **B.**    **Analysis**

21       Defendants have offered declarations from D. Contreras, grievance coordinator at
22   California State Prison Sacramento, and M. Ouye, Correctional Case Records Administrator at
23   the California Department of Corrections and Rehabilitation. ECF No. 51-2 at 64 (Ex. J), 75 (Ex.
24   K). Both declarants state that administrative remedies were available to plaintiff to challenge his
25   parole issues. *Id.* at 65, 75-76.

26       In his opposition, plaintiff acknowledges that he did not file any administrative grievances
27   concerning the issues in this suit and, instead, argues that remedies were "effectively unavailable"
28   because his requested relief was not available by way of the administrative remedy process. ECF

4

1   No. 62 at 19-21. He also argues that he was not required to pursue administrative remedies if his
2   "interest in immediate judicial review outweighs the government's interest in efficiency or
3   administrative autonomy… ." *Id.* at 21. He is wrong on both counts. Exhaustion is mandatory
4   regardless of whether a plaintiff's desired form of relief is available. *See Booth v. Churner*, 532
5   U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough,
6   regardless of the relief offered through administrative procedures."). Nor is there any exception
7   based on an inmate's desire for immediate judicial review. Such an exception would render the
8   exhaustion requirement a virtual nullity. And even if this court wished to create such an
9   exception, it could not; district courts lack the power to create exceptions to the PLRA's
10  exhaustion requirements. *See Ross v. Blake*, 578 U.S. 632, 639 (2016) ("[M]andatory exhaustion
11  statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.").
12      Plaintiff has failed to exhaust administrative remedies and his claims must be dismissed.
13      Accordingly, it is RECOMMENDED that defendants' motion for summary judgment,
14  ECF No. 51, be granted and plaintiff's claims be dismissed without leave to amend for failure to
15  exhaust.
16      I submit these findings and recommendations to the district judge under 28 U.S.C.
17  § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,
18  Eastern District of California. Within 14 days of the service of the findings and
19  recommendations, any party may file written objections to the findings and recommendations
20  with the court and serve a copy on all parties. That document should be captioned "Objections to
21  Magistrate Judge's Findings and Recommendations." The district judge will review the findings
22  and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the
23  specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d
24  834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   January 12, 2022                                      _____
                                                               JEREMY D. PETERSON

5

UNITED STATES MAGISTRATE JUDGE